## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

VINCE CRESPIN,

        Plaintiff,

vs.                                                                No. CIV 11-0913 JB/KBM

CITY OF ESPANOLA and JULIAN
GONZALES, individually and in his
official capacity,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for More Definite Statement By Defendants City of Espanola and Julian Gonzales, filed October 12, 2011 (Doc. 3)("Motion"). The Court held a hearing on February 6, 2012. The primary issue is whether the Court should order Plaintiff Vince Crespin to provide a more definite statement as to the claims asserted against Defendants City of Espanola and Julian Gonzales. The Court will grant the Motion.

### PROCEDURAL BACKGROUND

On September 2, 2011, Crespin filed his Complaint for Money Damages for Personal Injuries in the First Judicial District Court, Santa Fe County, New Mexico. See Doc. 1-1 ("Complaint"). In his Complaint, Crespin asserts that Gonzales had a personal vendetta against him because of his involvement in the police union's two votes of "No Confidence" for Gonzales' performance as City of Espanola Police Chief. Complaint ¶¶ 19-20, at 4. He alleges that the decision to terminate him, for depositing money not owed to him, was made without investigation. See Complaint ¶ 15, at 3. Crespin asserts that the City of Espanola's and Gonzales' actions related to his prosecution for theft and "embezzlement or fraud of public monies" were intended to defame

him and destroy his reputation.  Complaint ¶¶ 31-33, at 6-7.  He contends that he was denied due process and equal protection under the law, because the Defendants failed to conduct any investigation, and because other police officers were not disciplined or terminated.  See Complaint ¶ 34, at 7.  Crespin further asserts that the decision to terminate him and to prosecute him constituted intentional infliction of emotional distress.  See Complaint ¶ 35, at 7.  He asserts that all of the Defendants' actions were done wilfully, wantonly, recklessly, fraudulently, and in bad faith, such that he is entitled to punitive damages.  See Complaint ¶ 36, at 7.

On October 12, 2011, the Defendants filed a Notice of Removal and removed the case to federal court.  See Doc. 1.  The Defendants assert that the Court has jurisdiction over the case because of the existence of a federal question.  See Notice of Removal at 1.  The Defendants state that Crespin is alleging a violation of his rights under 42 U.S.C. § 1983.  See Notice of Removal at 2.

Also, on October 12, 2011, the Defendants filed the Motion.  See Doc. 3.  In their Motion, the Defendants ask that the Court order Crespin to provide a more definite statement as to the claims against him pursuant to rule 12(a) of the Federal Rules of Civil Procedure.  See Motion at 1.  In support of their Motion, the Defendants filed the Memorandum Brief in Support of Motion for More Definite Statement by Defendants City of Espanola and Julian Gonzales, filed October 12, 2011 (Doc. 4)("Memorandum").  The Defendants assert that, "while many of the facts are alleged, the claims that Plaintiff is asserting are unclear, so much so that they are unable to determine what causes of action are being raised against them."  Memorandum at 1.  The Defendants state that they cannot determine which claims are brought under state law versus federal law, and that the lack of clarity in the Complaint is making it difficult to provide a meaningful answer or to raise the appropriate defenses.  See Memorandum at 2.  The Defendants contend that distinguishing which

-2-

claims are brought under federal or state law is important, because certain defenses, like qualified immunity, apply only to constitutionally based claims against individuals.  See Memorandum at 3. Additionally, the Defendants argue that certain claims may be subject to res judicata or failure to exhaust defenses.  See Memorandum at 3.  Crespin did not file a written response to the Motion.

On February 6, 2012, the Court held a hearing.  Although Crespin had notice of the hearing, see Notice of Motion Hearing, filed January 27, 2012 (Doc. 9), and the Court's Courtroom Deputy, K'Aun Wild, left a message for Crespin's attorney, Rudy Martin, informing him that he could appear telephonically, neither Crespin nor his attorney appeared for the hearing.  See Clerk's Minutes at 1, filed February 6, 2012 (Doc. 10).  The Court left the Meet-Me Conference line open for Mr. Martin in case he attempted to appear telephonically[1] during the course of the hearing. See Transcript of Hearing at 1:23-2:5 (February 6, 2012)(Court)("Tr.").[2]  The Defendants asserted that they filed the Motion because, although the Complaint included some allegations, it was not clear what claims Crespin was attempting to allege.  See Tr. at 2:22-25 (Anderman).  They represented that the Complaint mentions claims of wrongful termination, but does not state under what law those claims arise.  See Tr. at 3:2-4 (Anderman).  The Defendants argued that, because Crespin references due process, Crespin was asserting some federal claims, but that Crespin does not designate his claims as arising under state law, federal law, or both.  See Tr. at 3:5-8 (Anderman). The Defendants' counsel, Virginia Anderman, stated that she was unsure why Crespin had not responded to the Motion and represented that she has had difficulty attempting to reach Mr.

---

[1]Mr. Martin called the Meet-Me Conference line after the conclusion of the hearing on this Motion, while the Court was in the midst of a hearing in another case.

[2]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Martin for his client's position on certain items.  See Tr. at 3:9-16 (Anderman).

The Court asked whether the Defendants knew if Crespin wanted to pursue this case further. See Tr. at 3:17-21 (Anderman).  Ms. Anderman asserted that, in a similar case pending before the United States District Court for the District of New Mexico, in which Crespin is also a party, Crespin has been active in the lawsuit.  See Tr. at 3:22-4:14 (Anderman).  She indicated that, within the context of his other case, Crespin had stated that he did not wish to be in federal court.  See Tr. at 4:15-5:6 (Anderman).  She suggested that it may be the same situation in this case -- that Crespin does not wish to be in federal court -- but noted that he had not amended his Complaint.  See Tr. at 5:8-11 (Court, Anderman).

The Court indicated that it would grant the Motion, because it is unopposed, and when the Court reviewed the Motion, it appeared there was a sound basis for it.  See Tr. at 5:18-22 (Court). The Court stated that it would order that, if Crespin does not file an amended pleading within fourteen days, the Court will dismiss the case without prejudice.  See Tr. at 5:22-6:2 (Court).  The Court also suggested that, if Crespin wished to have the case remanded, the Court could dismiss the federal claims with prejudice; however, the Court indicated that Crespin would have to make the Court aware of his desire to pursue that course of action.  See Tr. at 6:10-14 (Court).

## LAW REGARDING MOTIONS FOR A MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to file a motion for a more definite statement when that party is required to file a response to a pleading, but the pleading is so vague or ambiguous that a response cannot reasonably be expected to be framed.  See Moya v. Schollenbarger, 465 F.3d 444, 446 n.2 (10th Cir. 2006)("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a

responsive pleading."). Rule 12(e) specifies that a motion for more definite statement is made before interposing a responsive pleading. Motions for a more definite statement are generally disfavored in light of the liberal discovery provided under the federal rules, and such a motion may be properly granted only if the complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response. See Peterson v. Brownlee, 314 F.Supp.2d 1150, 1155 (D. Kan. 2004); Shaffer v. Eden, 209 F.R.D. 460, 464 (D. Kan. 2002). A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail. See Coffey v. McKinley Cnty., No. 09-0028, 2009 WL 3208209, at *2 (D.N.M. Sept. 11, 2009)(Browning, J.); Bannister v. Coronado Fin., Inc., No. 07-620, 2008 WL 2323518, at *10 (D.N.M. Jan. 17, 2008)(Browning, J.); Frazier v. Southeastern Pennsylvania Transportation Authority, 868 F. Supp. 757, 763 (E.D. Pa. 1994). The Supreme Court of the United States has held that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

## ANALYSIS

Pursuant to rule 7.1(b), the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.L.R.-Civ. 7.1(b). Accordingly, because Crespin did not file a response to the Motion, he is deemed to have consented to it. The Court will also, however, analyze whether there is a sound basis on which to grant the Motion.

The Court is unable to determine from the face of the Complaint which of Crespin's claims are based on federal law, which are based on state law, and which are based on both. The claims being brought by Crespin affect, among other things, the affirmative defenses that the Defendants

may need to raise and the dispositive motions that they may wish to file.  See Coffey v. McKinley Cnty., 2009 WL 3208209, at *2.  Crespin adequately provides the facts underlying his claims, see Memorandum at 1, but does not give sufficient notice of the legal claims he is attempting to bring.  Crespin's Complaint is "so vague and ambiguous" that the Defendants cannot reasonably prepare a response.  Fed. R. Civ. P. 12(e).  For example, Crespin alleges that the City of Espanola pursued "criminal indictments and criminal prosecution of the Plaintiff Vince Crespin . . . willfully and intentionally . . . to disparage Plaintiff's credibility and destroy his reputation as a New Mexico law enforcement officer."  Complaint ¶ 29, at 6.  It is not clear, however, whether that is simply a fact that Crespin is alleging or whether that is a separate claim for malicious abuse of prosecution in his later assertions of due-process violations.  See Complaint ¶ 34, at 7.  Furthermore, Crespin references "due process and equal protection," but does not specify whether he is alleging violations of the United States Constitution or the New Mexico Constitution.  Complaint ¶ 34, at 7.  Because Crespin has not identified what causes of action he is bringing or whether they arise under federal or state law, the Defendants do not have sufficient notice of the claims against them and cannot properly formulate a responsive pleading or file motions.  See Swierkiewicz v. Sorema N.A., 534 U.S. at 514.  Accordingly, the Court will grant the Motion and order that Crespin file an amended pleading within fourteen days that more specifically identifies the claims he is pursuing.  He should be careful to state, in the amended pleading, how many claims he is brining; identify each claim by name; and state under what law -- state or federal -- he is bringing each claim.

**IT IS ORDERED** that the Motion for More Definite Statement By Defendants City of Espanola and Julian Gonzales, filed October 12, 2011 (Doc. 3) is granted.  Plaintiff Vince Crespin must file an amended pleading within fourteen days or his Complaint for Money Damages for Personal Injuries, filed October 12, 2011 (Doc. 1-1), will be dismissed without prejudice.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Rudy Martin
Espanola, New Mexico

    *Attorney for the Plaintiff*

Virginia Anderman
Miller Stratvert P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant*